# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Joann Yearwood,

     Plaintiff(s),

v.

Sunrise Hospital and Medical Center, LLC, et al.,

     Defendant(s).

Case No. 2:25-cv-01318-JCM-NJK

**Order**

[Docket No. 29]

Pending before the Court is Plaintiff's motion to extend the discovery cutoff and subsequent case management deadlines. Docket No. 27. Defendants filed a response in opposition. Docket No. 29. No reply was filed and the deadline for doing so has expired. *See* Docket No. 28. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion to extend.

## I.   BACKGROUND

### A.   Procedural Background

Plaintiff brought this case alleging various employment-related claims. Docket No. 1. On September 3, 2025, the parties held a Rule 26(f) conference, Docket No. 18 at 2, at which time there was no impediment to proceeding with discovery, *see* Fed. R. Civ. P. 26(d)(1). On September 10, 2025, the Court issued a scheduling order with the deadlines the parties had proposed, including a discovery cutoff of March 2, 2026. Docket No. 19. After filing a stipulation that failed to meet the governing standards, *see* Docket Nos. 23, 24, on February 26, 2026, the parties filed a stipulation to extend case management deadlines. Docket No. 25. On February 27, 2026, the Court concluded that a showing of diligence had not been made, but it allowed an extension given that the request was unopposed and as a one-time courtesy. Docket No. 26. The Court warned therein that it was "not inclined to extend these deadlines further." *Id.*

1

B.   Factual Background

Plaintiff took the deposition of Defendants' manager (Roel Ramos) on January 7, 2026. Docket No. 27-5.   Ramos testified at that deposition as to email communication regarding Plaintiff's leave request. *See id.* at 4-5.  Plaintiff received the certified transcript of the deposition on January 27, 2026.  Docket No. 27-2 at ¶ 2.  On March 10, 2026 (i.e., more than two months after the deposition and 42 days after receipt of the certified transcript), Plaintiff propounded written discovery.  Docket No. 27-3.  Defendants objected to the discovery as untimely, given that the rules allow 30 days to respond to discovery and less than 30 days remained in the discovery period.  Docket No. 27-4.  Plaintiff now seeks to extend the discovery cutoff for the sole purpose of retroactively rendering her discovery requests timely.  Docket No. 27.  That is the matter before the Court.

## II.   THRESHOLD ISSUE

The motion practice focuses on 18 requests for production that were not served in a timely manner given the current discovery cutoff.  Separate and apart from those requests, however, there is no dispute that defense counsel agreed to produce a subset of documents during the earlier deposition.  *See* Docket No. 29 at 3; *see also* Docket No. 27-5 at 6.  The Court generally holds counsel to their discovery agreements, *see, e.g.*, *Lux v. Buchanan*, 2024 WL 1598805, at *2 (D. Nev. Apr. 12, 2024), and there is no suggestion that it would be untimely for Plaintiff to file a motion to compel this subset of documents at this juncture, *cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019).  Moreover, the Court need not extend the discovery cutoff to order certain discovery materials be produced.  Accordingly, notwithstanding the decision below declining to extend the discovery cutoff, Defendant must produce this subset of documents by April 17, 2026.

### III.     MOTION TO EXTEND DISCOVERY CUTOFF

#### A.     Standards

In addition to Local Rule 26-3, a request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1]  "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)).  Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases).  As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted).[2]  "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d

---

[1] Because the parties frame this dispute as seeking modification of the case management schedule, the Court does likewise herein.  The Court notes, however, that the scenario described in which a litigant seeks answers to its written discovery served less than 30 days before the discovery cutoff is generally resolved through the lens of a motion to compel. *See* Fed. R. Civ. P. 37(a).  In that context, courts have explained that they have discretion to order discovery responses when the lateness is not excessive and have generally exercised that discretion when the discovery is only a few days. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 4701192, at *1 (D. Nev. Aug. 30, 2013) (collecting cases).  Plaintiff does not provide any legal authority that such relief would be warranted for discovery served more than a week late.

[2] The Ninth Circuit has at times taken a softer approach to extensions in other contexts, such as briefing schedules. *See Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend "stringent" briefing schedule).  Given the robust body of law specific to the Rule 16 context, the Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3.

1018, 1027 (9th Cir. 2006); *see also, e.g.*, *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

The governing good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609.  "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams*, 627 F. Supp. 3d at 1177.  Extensions of case management deadlines are meant to arise from circumstances that could not have been reasonably foreseen at the time those deadlines were set. *See Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D.Cal.1999).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

B.    Analysis

The requirement to serve discovery at least 30 days before the discovery cutoff is a basic rule that should be known to all civil practitioners in federal court.  Plaintiff's counsel had more than ample time to serve the disputed discovery requests.  The deposition from which counsel apparently became aware of the need for this discovery took place nearly three months before the discovery cutoff.  Even taking counsel's position as true that a certified transcript was required before propounding that discovery, which seems like a stretch, the certified transcript was available more than two months before the discovery cutoff.  Moreover, it should have been abundantly clear to counsel during this period that time was of the essence to wrap up discovery, both given the fast-approaching cutoff and the Court's warning that it was not inclined to extend the discovery cutoff further. *See, e.g.*, Docket No. 26.  Waiting 42 days from receipt of the certified deposition

transcript to serve this discovery was not diligent.  At best, the record shows carelessness, which is not a basis to modify the case management schedule.  *Johnson*, 975 F.2d at 609.[3]

**IV.    CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's motion to extend.  As also explained above in Section II, however, Defendant must produce the identified subset of documents by April 17, 2026.

IT IS SO ORDERED.

Dated: April 8, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] When diligence is lacking, the good cause inquiry ends.  *Johnson*, 975 F.2d at 609.  Plaintiff contends that Defendants would not be prejudiced by a relatively short extension, *see, e.g.*, Docket No. 27 at 5, but an absence of prejudice is insufficient justification to modify case management deadlines when diligence is lacking, *see Johnson*, 975 F.2d at 609.  Plaintiff also contends that this discovery is "critical" to her case, *see* Docket No. 27 at 2-3, but the importance of the subject discovery is insufficient justification to modify case management deadlines when diligence is lacking, *see, e.g.*, *Cornwell*, 439 F.3d at 1027.  If anything, the purported importance of the discovery begs the question as to why counsel did not seek it in prompt fashion when they had the chance.  *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) ("the alleged importance of the documents appears inconsistent with the delay in seeking the documents").